## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SHARON M. NOEL,

        Plaintiff,

vs.                                                                No.  CV 02-1594 JP/ACT

TERRY AGUILAR, and
BERNICE ROMERO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On February 9, 2004 Defendant Bernice Romero filed a "Motion for Summary Judgment, or in the Alternative, Qualified Immunity" (Doc. No. 50).  Having carefully considered the pleadings, the evidence of record, the relevant caselaw, and the arguments of counsel and of Plaintiff *pro se*,[1] the Court finds that the motion should be granted.

**Background.**

Plaintiff Sharon Noel filed this employment discrimination lawsuit arising out of her employment with the New Mexico Office of Indian Affairs, a state agency.  Plaintiff was employed as Deputy Director, and later as Legal Counsel.  The Amended Complaint filed on February 5, 2003 contains six counts, only two of which make allegations against Defendant Romero:  Count I which alleges "sexual harassment;" and Count II which alleges "hostile work environment."

---

[1]  Although Plaintiff was represented by counsel at the time the motion was filed, Plaintiff filed her response *pro se*.  Counsel for Plaintiff later filed a Motion to Withdraw, which was granted by the Court on May 21, 2004 (Doc. No. 75).

In her Amended Complaint, Plaintiff relates several instances of alleged sexual harassment by Defendant Terry Aguilar, who was the Director of the Office of Indian Affairs.  Plaintiff alleges that after she threatened to report his "inappropriate behavior" to the chair of the Commission on Indian Affairs, Defendant Aguilar handed Plaintiff a letter of termination.  Am. Compl. § C.1.A(2) ("Supporting Facts" for Count I).  Later Mr. Aguilar was terminated from his position at the Office of Indian Affairs.  Defendant Romero was Defendant Aguilar's secretary or executive assistant.[2]

In support of Count I, Plaintiff alleges that Defendant Romero told a co-worker that Mr. Aguilar was going to sue Plaintiff for the actions taken by the state in firing him.  Plaintiff also alleges that Romero "continued this harassment" for a period of eight months until Plaintiff was forced to resign her position.  Id.  She further alleges that Romero took Aguilar's side in regards to a complaint Plaintiff filed against Aguilar in November 2001, and that Romero was hostile toward Plaintiff from the time she filed the complaint until Plaintiff was forced to resign in July 2002.  Further, the Amended Complaint alleges that Romero's behavior was offensive and constituted a continued perpetuation of the sexual harassment Plaintiff received from Mr. Aguilar.  "[Romero] also had direct phone contact with [Aguilar] and updated him as to the office after he was put on leave."  Id.

In support of Count II, Plaintiff alleges that Romero made life miserable for Plaintiff at the Office of Indian Affairs on a daily basis after Aguilar was released.  Romero allegedly kept in phone contact with Aguilar and updated him on events in the office and then "threatened us that

---

[2] Of the numerous persons and entities named in the Amended Complaint, only two remain in the case, Defendants Aguilar and Romero.  All other defendants were dismissed without prejudice, either for lack of timely service or for failure to move the case forward as to those who had been served.

[Aguilar] would sue us for his own firing by the Commission."   Am. Compl. § C.1.B(2)

("Supporting Facts" for Count II).

Plaintiff's deposition provides the only other evidence in the record.  In her deposition, Plaintiff stated that Romero was a very commanding, bossy type of person who had become very closely attached to Aguilar, who became Aguilar's right arm, and who would tell the other employees what to do "per Terry," and that Plaintiff and the other employees had to follow that or face the consequences.  Pl. Dep. at 49.  Further, Plaintiff stated that Romero created an environment among the other women that was very hostile, and those women complained to Plaintiff about it.  Id. at 51.  Plaintiff also stated that Defendant Romero on two or three occasions told a co-worker, knowing it would get back to Plaintiff, that Mr. Aguilar was going to sue Plaintiff, that "I'd better watch out," and that Mr. Aguilar was "going to take me down.  I'd better watch my back kind of, and he's going to destroy you."  Id. at 56, 59-60.  This, according to Plaintiff, constituted perpetuation of the continual harassment against her.  Further, Romero did not like Plaintiff and would never talk to her.  Id. at 59, 60.

Defendant Romero accepts as true for purposes of her Motion for Summary Judgment the factual allegations against her in the Amended Complaint and in Plaintiff's deposition.  Defendant Romero moves for summary judgment because under the undisputed facts, taken in the light most favorable to Plaintiff, she is not accused of any conduct that is based on Plaintiff's gender.

**Summary Judgment Standards.**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and  . . .  the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" if, under the governing law, it could have an effect on the outcome of the

lawsuit.  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir. 1994), *quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the party's pleadings.  Bacchus, 939 F.2d at 891.  To withstand a motion for summary judgment, the non-movant must make specific reference to admissible evidence in the record.  *See* Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995).

**Discussion.**

In the Tenth Circuit sexual harassment is actionable under 42 U.S.C. § 1983 as a violation of the  Equal Protection Clause of the Fourteenth Amendment when committed by a state actor who used that person's government position to exert authority over the plaintiff.  *See, e.g.,* Noland v. McAdoo, 39 F.3d 269, 271-72 (10th Cir. 1994) (employee suing public employer); Woodward v. City of Worland, 977 F.2d 1392, 1401 (10th Cir. 1992) (employees suing public employers); Starrett v. Wadley, 876 F.2d 808, 818 (10th Cir. 1989) (employee suing public

4

employer).  It is disputed, but will be assumed, that Defendant Romero was in a position to exert authority over Plaintiff in her employment.

Although Plaintiff brings her claims under 42 U.S.C. § 1983, the Court applies the same standards as under Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e.[3]  To succeed on a hostile work environment claim based on sexual harassment, Ms. Noel must show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotations and citations omitted); Riske v. King Soopers, 2004 WL 859419, *5 (10th Cir. Apr. 22, 2004).  The law does not prohibit all harassment or unpleasantness in the workplace; it is directed only at discrimination because of sex.  Riske v. King Soopers, 2004 WL 859419 at *5.  The Court considers evidence of all conduct that is either gender-based or has "gender-related implications." Penry v. Federal Home Loan Bank of Topeka, 155 F.3d 1257, 1263 (10th Cir. 1998).  In analyzing hostile work environment claims, the existence of sexual harassment must be determined in light of the record as a whole, and the district court must examine the totality of the circumstances when reviewing a summary judgment motion.  Id. at 1262.

Plaintiff alleges no facts and presents no evidence that would support a claim against Romero for sexual harassment or gender-based hostile work environment.  While Plaintiff alleges

---

[3]  There is one exception to this principle, not relevant here.  Intent, or purposeful discrimination, is an element of an equal protection claim under § 1983.  Batson v. Kentucky, 476 U.S. 79, 93 (1986); Welch v. City of Tulsa, Oklahoma, 977 F.2d 1415, 1419-20 (10th Cir. 1992).  The intent element of an equal protection claim distinguishes it from a statutory discrimination claim under Title VII, in which intent need not be proven.  King v. Bd. of Regents of Univ. of Wisconsin Sys., 898 F.2d 533, 537 (7th Cir. 1990)  (recognizing that equal protection claim generally follows contours of Title VII claims, except that "defendant must intend to harass under equal protection . . . but not under Title VII"); Bohen v. City of East Chicago, Indiana, 799 F.2d 1180, 1187 (7th Cir. 1986) (same).

5

she was subjected to an actionable gender-based hostile work environment by Defendant Aguilar, Plaintiff does not accuse Defendant Romero of any conduct of a sexual nature. Plaintiff makes the conclusory allegation that Defendant Romero harassed Plaintiff over a period of eight months until she was forced to resign, but she fails to set forth specific gender-related facts showing a genuine issue for trial. Conclusory statements like this without specific supporting facts are insufficient to defeat a motion for summary judgment. Nichols v. Hurley, 921 F.2d 1101, 1113 (10th Cir. 1990). A reasonable jury could not find that any of Defendant Romero's conduct was motivated by Plaintiff Noel's gender.

Plaintiff argues that she can succeed against Defendant Romero on an agency theory. The case she cites, however, is inapposite. Damrow v. Holbrook-Patterson, Inc., 951 F.2d 348, 1991 WL 278794 (6th Cir. 1991) (unpublished decision). Damrow stands for the proposition that under Title VII an agency theory may be used to determine a company's liability for the conduct of a supervisor where the company was aware of the supervisor's harassment, id. at *2;[4] the case does not stand for the proposition that under § 1983 an agency theory can be used to hold one employee liable for another employee's conduct. Under § 1983, individual liability must be based on personal involvement in the alleged constitutional violation. Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).[5] Thus, Defendant Romero would have to have participated in acts of

---

[4] Defendant Romero is not sued under Title VII. Although Congress expressly abrogated the States' Eleventh Amendment immunity in its enactment of Title VII, Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), under Title VII, personal capacity suits against individuals are inappropriate, Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996).

[5] Although not specified by Plaintiff, the § 1983 claim must be brought against Defendant Romero in her individual capacity. A § 1983 claim brought in Defendant Romero's official capacity would be barred by Eleventh Amendment immunity of the State of New Mexico. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

sexual harassment, and Plaintiff has pointed to no such conduct.

Having considered the undisputed facts and having indulged all reasonable inferences in the light most favorable to the Plaintiff, the Court concludes that Defendant Romero is entitled to a judgment as a matter of law.  Because Plaintiff has failed to present sufficient facts to show that Defendant Romero's actions violated a federal constitutional or statutory right, the Court does not reach the issue of qualified immunity.  *See* Lybrook v. Farmington Municipal Schools Bd. of Educ., 232 F.3d 1334, 1337 (10th Cir. 2000).

THEREFORE IT IS ORDERED that Defendant Romero's Motion for Summary Judgment (Doc. No. 50) is GRANTED, and a Summary Judgment in favor of Defendant Bernice Romero and against Plaintiff Sharon M. Noel will be entered contemporaneously with this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE